*Philadelphia.*

BROWNE *against* BROWNE.

*Wednesday,*
*December* 17.

IN ERROR.

An appeal
on the 21st
March from
a judgment
before an al-
derman on the
1st March
preceding is
in time.

ERROR to the Court of Common Pleas of *Philadelphia* county.

The defendant in error, obtained judgment against the plaintiff in error, before an alderman, on the 1st *March,* 1817. On the 21st *March,* 1817, the plaintiff in error, appealed to the Court of Common Pleas; but the appeal was dismissed by the Court, on the ground that it was not entered within the time required by law.

TILGHMAN C. J. *Peter A. Browne,* the plaintiff below, obtained a judgment against *Liberty Browne,* for 35 dollars 90 cents, before alderman *Badger,* on the 1st *March,* 1817.

The defendant entered an appeal on the 21st *March*. This appeal was dismissed by the Court of Common Pleas, as not having been entered within the time prescribed by law. I consider this point as settled by the judgment of this Court, in *Sims* v. *Hampton, March* Term, 1815. It was decided in that case, that in counting the twenty days allowed for entering an appeal from the award of arbitrators, the day on which the award was entered shall be excluded. The words of the arbitration act, (20th *March*, 1810, sect. 11,) are, " within twenty days after the entry of the award of the arbitrators on the prothonotary's docket." The words of the act on which the present case turns, (20th *March*, 1810, sect. 4,) are, " within twenty days after judgment being given." There is no reason why the mode of computation, in case of an appeal from the judgment of an alderman, should be different from that which is adopted in case of an appeal from the award of arbitrators. I am, therefore, of opinion that this appeal was improperly dismissed, and the judgment should be reversed.

1817.
BROWNE
*v.*
BROWNE

GIBSON J. was absent.

DUNCAN J. This mode of computation of the twenty days allowed for entering an appeal, in not taking into computation the day on which the award is filed, appears to me the most reasonable rule, as the award may be returned to the office on the last hour of the day ; and the utmost latitude of construction should prevail, as it is in favour of the constitutional right of the party to have his cause tried by a jury of the country ; and as it has been adopted, I am not disposed to disturb it.

Judgment reversed.